WIGGINTON, Judge
(specially concurring).
I fully concur in the able opinion authored by Judge STURGIS. There is a foreseeable possibility that some students of civil procedure may entertain a reservation of doubt as to the technical correctness of that part of the opinion which disposes of question two presented for decision. It is therein stated that an action in mandamus, being one_ at law, may properly be joined in a complaint filed in equity seeking injunctive and declaratory relief. We recognize that the rule making authority of this State has consistently refused to adopt a single form of procedure abolishing the procedural distinction between civil actions brought at law and in equity as was done many years ago by the federal court system. Because of the distinction which has been preserved in this state between the procedure which must be followed in actions at law as distinguished from those in equity, the propriety of approving the combination of an action in mandamus with the actions for injunctive and declaratory relief in the complaint now reviewed may be questionable. It is my view, however, that if this be considered technically erroneous, the error is harmless. As stated in the majority opinion, the complaint re-avers the facts on which complainants rely for issuance of a peremptory writ of mandamus and prays in the alternative for a mandatory injunction seeking the identical relief which is grantable by the peremptory writ. Whether the chancellor characterized his judgment as a peremptory writ of mandamus rather than a mandatory injunction is therefore immaterial. In either aspect, the judgment should be affirmed.